**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LUQMAN SHABAZZ (#29258)**                            **CIVIL ACTION NO.**

**VERSUS**                                              **16-239-JWD-EWD**

**DARRELL VANNOY, WARDEN, ET AL.**

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 20, 2019.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUQMAN SHABAZZ (#29258)** | **CIVIL ACTION NO.** |
| **VERSUS** | **16-239-JWD-EWD** |
| **DARRELL VANNOY, WARDEN, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of Petitioner Luqman Shabazz ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I.    Procedural History

On April 7, 2005, Petitioner was indicted in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for the second degree murder of Abdulla Ghoram in violation of La. R.S. 14:30.1.[1] Petitioner filed a Motion to Appoint Sanity Commission, which was granted.[2] Both physicians appointed to the sanity commission concluded that Petitioner was malingering and was competent to stand trial.[3] Petitioner later pled guilty to the responsive charge of manslaughter on February 2, 2006. The trial judge adjudicated Petitioner as a habitual offender and sentenced him to 60 years at hard labor.[4]

On June 13, 2006, Petitioner timely filed a counseled direct appeal in which his assignment of error was that his guilty plea was not knowing and voluntary because the plea was accepted without the trial judge explaining the nature of the offense or factual basis.[5] On December 28,

---

[1] Trial Record, p. 6.
[2] Trial Record, p. 16-17.
[3] Trial Record, p. 20-22 & 80-82.
[4] Trial Record, p. 94.
[5] Petitioner filed a *pro se* brief on direct appeal, asserting as error that trial counsel (a) failed to move for pretrial discovery, (b) failed to file discovery, (c) failed to move for a bill of particulars, (d) failed to move to quash based on the not guilty by reason of insanity plea, (e) allowed Petitioner to plea bargain on felon in possession of firearm charge,

2006, the Louisiana Court of Appeal for the First Circuit ("First Circuit") affirmed Petitioner's conviction, habitual offender adjudication, and sentence.[6] Petitioner sought rehearing at the First Circuit, which was denied on March 28, 2007. Petitioner did not seek further review from the Louisiana Supreme Court.

Petitioner subsequently filed at least 3 applications for post-conviction relief ("PCR"), only two of which are relevant to his instant habeas petition.[7] The first PCR application contained in the record is dated December 14, 2007 and was filed with the 19th Judicial District Court. This application stated the following grounds for relief: involuntary guilty plea, ineffective assistance of counsel for failure to explain consequences of waiver of rights when accepting plea, and invalid habitual offender adjudication. The trial court denied Petitioner's first PCR application on April 1, 2008. The First Circuit Court denied Petitioner's writ on December 19, 2008. The Louisiana Supreme Court denied Petitioner's writ on November 20, 2009.

Petitioner filed a second PCR application on May 23, 2014 with the 19th Judicial District Court. This second application stated the following grounds for relief: ineffective assistance of appellate counsel, ineffective assistance of trial counsel, and a "*Brady*" claim based on the police investigator's failure to disclose favorable evidence. The 19th Judicial District Court dismissed this second PCR application as untimely on October 23, 2014. The First Circuit denied Petitioner's

---

(f) failed to file a notice of appeal, and (g) failed to object to the procedure used to find Petitioner competent. The *pro se* brief also alleges as error that Petitioner's plea was not knowing and voluntary.

[6] *State v. Shabazz*, 2006-1038, 947 So.2d 848 (La. 12/28/06) (unpublished opinion).

[7] In addition to the two PCR applications discussed herein, Petitioner filed a pleading styled "writ of habeas corpus" on or about June 14, 2015 in the 20th Judicial District Court for the Parish of West Feliciana challenging jurisdiction. The 20th Judicial District Court transferred the case to the 19th Judicial District Court, which construed it as an application for post-conviction relief. On September 21, 2015 the 19th Judicial District Court dismissed this third PCR application as untimely. As this third PCR application does not address any of the same substantive claims as the instant petition for habeas corpus, it will not be considered herein for the purposes of tolling. *See Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

2

writ on February 9, 2015 and the Louisiana Supreme Court subsequently denied Petitioner's writ as untimely on March 14, 2016.[8]

On April 13, 2016,[9] Petitioner filed the instant application for writ of habeas corpus[10] wherein he asserts the following grounds for relief: (1) ineffective assistance of counsel because appeal counsel did not raise an ineffective assistance of counsel claim regarding trial counsel on direct appeal, (2) ineffective assistance of counsel when trial counsel failed to object to 60 year sentence, (3) ineffective assistance of counsel because trial counsel failed to object at the multiple offender hearing, (4) involuntary guilty plea, and (5) "Brady v. Maryland/Newly discovered evidence."

## II.   Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[11]  If a petitioner stops the direct appeal process before she has proceeded through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[12]  After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct

---

[8] *State v. Shabazz*, 2015-0805 (La. 3/14/16), 186 So.3d 647.
[9] The courts of this Circuit have long concluded that the prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Although Petitioner's habeas application was docketed on April 14, 2016, Petitioner verified that the application was placed in the prison mailing system on April 13, 2016. R. Doc. 1. In accordance with the prison mailbox rule, the Court will use the April 13, 2016 date as the filing date.
[10] R. Doc. 1.
[11] 28 U.S.C. § 2244(d)(1)(A).
[12] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[13]

Upon the finality of a petitioner's conviction, the one-year limitations period for filing a federal habeas corpus petition commences to run. The federal limitations statute provides, however, that the time during which a subsequent "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[14] As a corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts counts toward the passage of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[15] A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[16]

---

[13] *See Id.*
[14] 28 U.S.C. § 2244(d)(2).
[15] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[16] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

4

**A. Claims 1, 2 & 3: Ineffective Assistance of Counsel**

*Claim 1: Ineffective Assistance of Appellate Counsel*

Petitioner's conviction became final on April 30, 2007,[17] which was the last date that Petitioner could have sought a writ on direct review with the Louisiana Supreme Court. Petitioner raised his ineffective assistance of appellate counsel claim for the first time in his second PCR application, which was not filed until May 23, 2014. The trial court dismissed that application as untimely under Louisiana Code of Criminal Procedure article 930.8. The First Circuit and Louisiana Supreme Court denied Petitioner's writ applications.

Claim 1 is untimely. First, neither Petitioner's May 23, 2014 post-conviction relief application, nor the subsequent related appeals, tolled the one-year statute of limitation. The time during which a properly-filed PCR application is pending in state court is not counted toward the one-year limit.[18] However, a state application for post-conviction relief is not properly filed, and thus does not give rise to tolling under § 2244(d), if it is rejected as untimely under state law.[19] Thus, 3,271 days elapsed between the date Petitioner's conviction was final (April 30, 2007) and the date of his federal habeas petition (April 13, 2016). Further, even if the May 23, 2014 PCR application would have operated to toll the one-year time period, Petitioner's federal habeas application would still be untimely as 2,580 days elapsed between the finality of Petitioner's conviction (April 30, 2007) and the filing of the May 23, 2014 second PCR application, which raised ineffective assistance of appellate counsel for the first time.

---

[17] The time period to seek review at the Louisiana Supreme Court was 30 days from the First Circuit's denial of rehearing on March 28, 2007. *See* La. Supreme Court Rule X(5)(a). As the 30-day time period expired on April 28, 2007, a Saturday, the following Monday is used.
[18] 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).
[19] *Wardlaw v. Cain*, 541 F.3d 275, 278 (5th Cir. 2008).

5

*Claim 2 & 3: Ineffective Assistance of Trial Counsel*

Construing Petitioner's post-conviction applications liberally and giving him every benefit of the doubt for the purpose a tolling analysis, Petitioner raised Claims 2 & 3 in his December 14, 2007 PCR application and in his May 23, 2014 PCR application. However, these claims are also untimely. After Petitioner's conviction became final on April 30, 2007, 227 days elapsed before Petitioner filed his first PCR application on December 14, 2007. The Louisiana Supreme Court denied Petitioner's writ application on November 20, 2009 as to the first application. Petitioner filed his second PCR application on May 23, 2014. As noted above, the May 23, 2014 second PCR application did not operate to toll the time limitations because it was not timely filed. Thus, 2,335 days elapsed between the date Petitioner's first PCR application was final (November 20, 2009) and the date of his federal habeas petition (April 13, 2016), for a total of 2,562 days of untolled time (227 + 2335). Even if the May 23, 2014 PCR application would have operated to toll the one-year time period, Petitioner's federal habeas petition would still be untimely as to Claims 2 & 3 as 1,644 days of time elapsed between the finality of the first PCR application on November 20, 2009 and the filing of the May 23, 2014 PCR application, for a total of 1,871 days of untolled time (227 + 1644).

With respect to his ineffective assistance of counsel claims, Petitioner invokes the United States Supreme Court decisions of *Martinez v. Ryan* [20] and *Trevino v. Thaler*,[21] contending that the Court should excuse the untimeliness of his federal habeas corpus application and consider the merits of his habeas claims.[22] In *Martinez v. Ryan*, the United States Supreme Court held that a state-imposed procedural default will not bar a federal habeas court from hearing a substantial

---

[20] 566 U.S. 1 (2012).
[21] 569 U.S. 413 (2013).
[22] R. Doc. 1-1, pp. 5-7.

6

claim of ineffective assistance of counsel at trial if there was no counsel in the collateral proceeding or if said counsel was ineffective. "However, *Martinez* does not address nor provide any remedy when a habeas corpus petition is untimely filed."[23] Nor does *Trevino v. Thaler*.[24] Specifically, "*Martinez* and *Trevino* do not provide a basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel claim."[25] Accordingly, *Martinez* and *Trevino* provide no support to Petitioner, where, as here, the habeas petition was not timely.

### B. Claim 4: Involuntary Plea

Petitioner challenged his plea agreement as involuntary on direct review and in his first PCR application. 227 days of untolled time elapsed between the finality of Petitioner's conviction (May 1, 2007) and December 14, 2007, when Petitioner filed his first post-conviction application challenging the voluntariness of his plea. As noted, above, Petitioner's first PCR application became final when the Louisiana Supreme Court denied further review on November 20, 2009. An additional 2,335 days of untolled time elapsed until Petitioner filed the instant application on April 13, 2016. Thus, Claim 4 is also untimely, with a total of 2,562 untolled days (227 + 2335).

### C. "*Brady v. Maryland* / New Evidence

Petitioner asserts that Claim 5, "*Brady v. Maryland* New Evidence," is timely because the factual predicate for this claim first arose when he received an affidavit from Willie Gross, Jr.

---

[23] *Shank v. Cain*, 15-4530, 2016 WL 4473193, *6 (E.D. La. Aug. 24, 2016), *citing Martinez v. Ryan, supra*.
[24] *Id.*
[25] *See also, e.g., Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Green v. Cain*, 14-2072, 2015 WL 5060608, *5 (E.D. La. Aug. 25, 2015) ("The equitable ruling in *Martinez* did not encompass, much less excuse, the untimely filing of a federal habeas petition."); *Reynolds v. Stephens*, 13-2728, 2014 WL 2575752, *3 (N.D. Tex. June 9, 2014) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Smith v. Rogers*, 14-0842, 2014 WL 2972884, *1 (W.D. La. July 2, 2014) (same); *Falls v. Cain*, 13-5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014) (same).

("Gross") on February 15, 2014.[26] Gross's affidavit states that Gross had a conversation with an eye witness to the shooting named Abdul Raheem. The affidavit states that Abdul Raheem ("Raheem") told Gross that Raheem witnessed the shooting and Petitioner's mental state after the shooting. Petitioner contends that the testimony of Gross regarding Gross's conversation with Raheem and Raheem's observations of Petitioner's mental state after the shooting would have had material importance to the sanity commission. Petitioner argues that the testimony of Raheem could have been used to impeach the commission physicians' findings that Petitioner was malingering.[27]

The statute of limitations found in § 2244(d)(1)(A) requires that a habeas proceeding be brought within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, Petitioner argues that § 2244(d)(1)(D) applies to Claim 5. § 2244(d)(1)(D) requires a habeas petitioner to bring an application for a writ of habeas corpus within one year of "the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence."[28] Petitioner presented his "*Brady*" claim to the 19th Judicial District Court for the first time in his May 23, 2014 second post-conviction relief application, which was dismissed as untimely.

Petitioner has not established that he could not have previously discovered the factual predicate for Claim 5 through the exercise of due diligence. On August 24, 2005, the state responded to Petitioner's motion for discovery[29] and produced 56 pages of records, including the

---

[26] R. Doc. 9.
[27] R. Doc. 1-1, page 24 of 27.
[28] 28 U.S.C. § 2244(d)(1)(D).
[29] Trial Court Record, p. 23-79.

8

police report from the shooting.[30] The police report identifies 3 witnesses who were present when the shooting occurred, including Mikal Abdul Raheem.[31] The discovery production also includes a report of Raheem's taped statement given to police on the day of the shooting, with a detailed account of Petitioner's actions.[32] Raheem's observations about Petitioner's mental state at the time of the shooting were discoverable any time after Raheem's identity as an eye witness was disclosed by the prosecution on August 24, 2005. Accordingly, Petitioner's argument that § 2244(d)(1)(D) should apply and that the limitations period did not begin to run until he received the affidavit is without merit. Rather, § 2244(d)(1)(A) governs this case, and Claim 5 is untimely for the same reasons as Claim 1, *supra*.[33]

Having found Petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[34] Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. It is a petitioner's burden to demonstrate that equitable tolling is warranted.[35] The one-year federal limitations period

---

[30] Trial Court Record, p. 27-79.
[31] Trial Court Record, p. 30-39.
[32] Trial Court Record, p. 64-65.
[33] Like Claim 1, Petitioner brought Claim 5 for the first time in the May 23, 2014 post-conviction application.
[34] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[35] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

9

is subject to equitable tolling only "in rare and exceptional circumstances."[36] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[37]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[38] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[39] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[40] Further, equitable tolling "is not intended for those who sleep on their rights."[41] Thus, a federal habeas petitioner is required to act with diligence[42] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[43]

Here, Petitioner has not made any arguments regarding equitable tolling. Even if Petitioner sought to be relieved of the untimeliness of his habeas petition through equitable tolling, each asserted claim well exceeds the one-year statute of limitations. As Petitioner cannot demonstrate

---

[36] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[37] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[38] *Pace*, 544 U.S. at 418.
[39] *Id. quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[40] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[41] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[42] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[43] *See Ramos v. Director*, 6:09CV463, 2010 WL 774986, *4 (E.D. Tex. Mar. 1, 2010).

that he diligently pursued his rights, equitable tolling is not warranted and Petitioner's untimely application for habeas corpus relief should be dismissed.

### III.  Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[44]  Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether Petitioner would be entitled to a certificate of appealability.[45]  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[46]  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[47]  In the instant case, reasonable jurists would not debate the denial of  Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### IV.  Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** as untimely and that this proceeding be **DISMISSED WITH PREJUDICE**.

---

[44] 28 U.S.C. § 2253(c)(1)(A).
[45] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[46] 28 U.S.C. § 2253(c)(2).
[47] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on August 20, 2019.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**